UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20347-CIV-ALTONAGA/Brown

**CI INTERNATIONAL FUELS, LTDA.**,
*et al.*,

    Plaintiffs,

vs.

**HELM BANK, S.A.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs, CI International Fuels, LTDA and International Fuel Oil Corporation's ("Plaintiffs[']") Motion to Strike Defendant Chase Bank's Affirmative Defenses ("Motion") [ECF No. 95], filed July 1, 2010. The Court has carefully reviewed the parties' written submissions and applicable law.

### I. BACKGROUND

In 2008, after an unauthorized transfer of funds from Plaintiffs' account held with Defendant, Helm Bank, S.A. ("Helm"), Plaintiffs enacted an "Agreed Security Procedure" ("Procedure") with Helm. (*See* Am. Compl. ¶¶ 25–26 [ECF No. 76]). The Procedure instructed Helm not to execute wire transfer requests involving non-domestic transfers after a certain hour of the day. (*See id.* ¶ 26). On September 14 and 15, 2009, Helm executed eight wire transfers totaling $1,163,535.00 from Plaintiffs' account allegedly without authorization and in violation of the Procedure. (*See id.* ¶¶ 29–32). Those funds were ultimately received into the customer accounts of Defendants, Florida Trading Services, Inc. ("FTC"), Compucell USA, LLC ("Compucell"), and Infinity Wireless

Solutions, Inc. ("Infinity") at banks operated by two other Defendants, JP Morgan Chase Bank, N.A. ("Chase") and Regions Bank ("Regions"). (*See id.* ¶¶ 33–38). Within twenty-four hours of the wire transfers, Helm contacted Chase and Regions requesting the funds be returned because the wire transfers were not authorized by Plaintiffs. (*See id.* ¶¶ 41–42). Chase and Regions both refused to reverse the transfers because the recipients of those funds, their customers, orally stated the funds were monies owed to them. (*See id.* ¶ 43). Plaintiffs assert no monies were owed to FTC, Compucell or Infinity. (*See id.* ¶ 50).

On May 24, 2010, Plaintiffs filed a seventeen-count Amended Complaint against six named defendants. The Amended Complaint alleges two counts against Chase arising from Chase's participation in the transactions described above.[1] Plaintiffs allege Chase aided and abetted the fraudulent conduct of FTC, Compucell and Infinity "by not engaging in commercially reasonable conduct to investigate the[] irregular, unusual . . . transfers of peculiar and large sums, which were inconsistent with balances and deposits usually seen [in] the [Defendants'] bank accounts and inconsistent with . . . other methods of funding the [Defendants'] Chase accounts." (*Id.* ¶¶ 195, 211). Chase filed its Answer to Plaintiffs' Amended Complaint ("Answer") [ECF No. 83], including thirteen affirmative defenses. Plaintiffs' Motion seeks to strike seven affirmative defenses (Nos. 7–13) from the Answer.

---

[1] The two counts are identical except Count XIV is brought by International Fuel Oil Corporation and Count XVI is brought by CI International Fuels, LTDA.

Case No. 10-20347-CIV-ALTONAGA/Brown

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "However, a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing *Augustus v. Bd. of Pub. Instr. of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962); *Poston v. Am. Pres. Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978); *Bazal v. Belford Trucking Co.*, 442 F. Supp. 1089, 1101 (S.D. Fla. 1977)). Thus, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove." *Reyher*, 881 F. Supp. at 576.

To say that courts apply a liberal standard in evaluating the sufficiency of an affirmative defense is not to say that there is no standard whatsoever. An affirmative defense is not valid if the plaintiff's claim would still succeed even assuming defendant's allegations are true. *See EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). Moreover, affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8(b), which require a short and plain statement of the defense asserted. Defenses that recite nothing more than "bare bones conclusory allegations . . . must be stricken." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002) (citation omitted). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41,

47–48 (1957); 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1274, at 323); *see also Larson v. Correct Craft, Inc.*, No. 6:05-CV-686-ORL31JGG, 2005 WL 1902438, at *2 (M.D. Fla. Aug. 08, 2005) (denying motion to strike after finding that "each of the Affirmative Defenses give [the plaintiff] fair notice of the defense sufficient to undertake discovery and prepare for trial").

### III. ANALYSIS

The challenged defenses are:

7. Plaintiffs' aiding and abetting claims against Chase are barred, in whole or in part, because Plaintiffs lack standing to challenge Chase's receipt of the wire transfers here because Plaintiffs (and their banking institution, Helm Panama) lack privity with Chase in that the transfers were made through an intermediary bank (Standard Charter Bank).

8. To the extent that Plaintiff International Fuels [sic] Oil Corporation ("Agent") is not the rightful owner of the funds at issue in this case, Agent lacks standing to sue Chase and/or suffered no injury as a result of the transactions at issue in this lawsuit, and its aiding and abetting claim is therefore barred. In addition and/or alternatively, to the extent that Plaintiff CI International Fuels, LTDA ("Owner") is not the rightful owner of the funds at issue in this case, Owner lacks standing to sue Chase and/or suffered no injury as a result of the transactions in this lawsuit, and its aiding and abetting claim is therefore barred.

9. Plaintiffs' aiding and abetting claims against Chase are barred, in whole or in part, because Chase had no duty to affirmatively act on Plaintiffs' behalf under the circumstances alleged in the Compliant.

10. Plaintiffs' aiding and abetting claims against Chase are barred, in whole or in part, because Chase acted in a commercially reasonable manner, especially inasmuch as Chase's conduct was expressly authorized by statute.

11. If Helm Bank (Panama) is not properly served and brought into this action, Plaintiffs' aiding and abetting claims against Chase are barred, in whole or in part, because Plaintiffs will have failed to join an indispensable party.

Case No. 10-20347-CV-ALTONAGA/Brown

12. If Chase is liable to Plaintiffs on Plaintiffs' aiding and abetting claims (which Chase vigorously disputes), Chase is entitled to contribution from and/or indemnification by Defendants Compucell USA, LLC, Florida Trading Services, Inc., Infinity Wireless Solutions, Inc., and/or Helm Bank, S.A.

13. Plaintiffs' aiding and abetting claims against Chase are barred, in whole or in part, by the doctrine of comparative fault in that the actions and/or inactions of Plaintiffs, including but not limited to Plaintiffs' course of dealings and/or business relationships with Compucell, Florida Trading Services, and Infinity Wireless Solutions (such as those alleged in the answers and affirmative defenses of those Defendants) substantially contributed to Plaintiffs' injuries.

(Answer 15–17).

## A. Relevancy — Affirmative Defense Seven

The parties dispute the legal relevancy of whether Plaintiffs were in privity with Chase. The Plaintiffs contend privity is irrelevant because Plaintiffs are not suing Chase under a contract theory. (*See* Mot. 4). Chase counters that under "well-accepted uniform banking laws" a party must have standing to request reversal of a wire transfer and standing requires privity between the bank and the party requesting the wire reversal. (Resp. 3 [ECF No. 106]). Courts should not strike affirmative defenses when there are substantial and disputed questions of law and the plaintiff would not suffer prejudice as a result. *See Augustus*, 306 F.2d at 868 (noting that "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike" (footnotes omitted)); *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986) ("[A] motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law." (citation omitted)); *Reyher*, 881 F. Supp. at 576 (stating a defense is sufficient when it "puts into issue relevant and substantial legal and factual

Case No. 10-20347-CV-ALTONAGA/Brown

questions"). Whether privity between the parties is legally relevant is a substantial and disputed question of law. Additionally, Plaintiffs fail to show how this affirmative defense causes them prejudice if it is not stricken. Accordingly, Plaintiffs' request to strike Chase's seventh affirmative defense is denied.

**B. Insufficiency of Facts — Affirmative Defenses Eight, Nine, Ten, and Thirteen**

Plaintiffs maintain that Chase's eighth, ninth, tenth, and thirteenth affirmative defenses plead insufficient facts. Affirmative defenses are invalid as a matter of law if they do not meet the general pleading requirements of Rule 8(b) of the Federal Rules of Civil Procedure, which require defenses to be stated "in short and plain terms." FED. R. CIV. P. 8(b)(1)(A). An affirmative defense can be pleaded in general terms if it provides "'fair notice' of the nature of the defense." *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-61436-CIV, 2009 WL 4800542, at *1 (S.D. Fla. Dec. 11, 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Chase has sufficiently pleaded its eighth, ninth, and tenth affirmative defenses because the defenses provide the Plaintiffs with fair notice of the nature of defenses: Chase's eighth affirmative defense concerns the Plaintiffs' ownership interest in the subject funds; the ninth affirmative defense addresses whether Chase owed Plaintiffs a duty to return the funds; and the tenth affirmative defense concerns whether Chase acted in a commercially reasonable manner by not returning the funds to the Plaintiffs. Thus Plaintiffs have sufficient information regarding these defenses to proceed with discovery and prepare for trial. *See Larson*, 2005 WL 1902438, at *2. Accordingly, Plaintiffs' request to strike these affirmative defenses is denied.

Case No. 10-20347-CV-ALTONAGA/Brown

Chase's thirteenth defense states the doctrine of comparative fault bars the Plaintiffs' claims because of the Plaintiffs' "course of dealings and/or business relationships" with co-defendants FTC, Compucell and Infinity. (Answer 17). Plaintiffs assert Chase's defense fails to identify facts relevant to the "course of dealings." (Mot. 6). Plaintiffs rely on *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007), which is factually similar. In *Prescient*, the defendant pleaded the affirmative defense of waiver and maintained the defense was applicable because of the plaintiff's "subsequent agreements, course of conduct and dealings." *Id*. at *3. The court struck the defense finding the defendant's references to "agreements," "conduct," and "dealings" did not provide enough factual support to give plaintiff fair notice of the nature of the defense. *Id*. Likewise, Chase has not furnished enough factual support to provide Plaintiffs fair notice of the relevant "course of dealings" and "business relationships" to which Chase refers. Accordingly, Plaintiffs' request to strike Chase's thirteenth affirmative defense is granted.

**C. Mootness — Affirmative Defense Eleven**

Plaintiffs assert Chase's eleventh affirmative defense is moot because Helm has been served since Chase filed its Answer. (*See* Mot. 4). However, the defense is not moot because Helm filed a motion to dismiss challenging the Court's personal jurisdiction and Chase continues to risk litigating without an indispensable party. (*See* Mot. to Dismiss [ECF No. 107]). In their Reply the Plaintiffs also dispute whether Helm is an indispensable party in this litigation. (*See* Reply 3 [ECF No. 115]). This issue will not be ripe until the jurisdictional question raised by Helm's motion to dismiss is resolved. *See* FED. R. CIV. P. 19 advisory committee's comments (1966) (noting "[a]

joinder question should be decided with reasonable promptness, but decision may properly be deferred if adequate information is not available at the time"). Accordingly, Plaintiffs request to strike Chase's eleventh affirmative defense is denied.

**D. Invalid Affirmative Defense — Affirmative Defense Twelve**

Plaintiffs maintain contribution is not an affirmative defense, but "is really a claim for relief masquerading as a defense." (Mot. 4). Other district courts have held contribution is not an affirmative defense. *See, e.g.*, *FDIC v. Raffa*, 935 F. Supp. 119, 127 (D. Conn. 1995) (holding contribution "is a claim for recovery" not an affirmative defense); *FDIC v. Niblo*, 821 F. Supp. 441, 457 (N.D. Tex. 1993) (explaining a "party from whom contribution is sought must have been found to be a joint tortfeasor with the party seeking contribution. . . . [O]therwise the claim for contribution would be nonsensical if brought against a party not jointly responsible for the loss with the party seeking contribution."). Chase does not cite persuasive case law to the contrary.[2] Like *Raffa* and *Niblo*, the contribution claim here cannot be raised against a party who is not a joint tortfeasor. *See Raffa*, 935 F. Supp. at 127; *Niblo*, 821 F. Supp. at 456–57. Additionally, Chase's contribution claims relate solely to co-defendants against whom Chase has already filed cross-claims. Accordingly, Plaintiffs' request to strike Chase's twelfth affirmative defense is granted.

---

[2] In support of its argument Chase cites *Nationwide Mut. Fire Ins. Co. v. Vosburgh*, 480 So. 2d 140 (Fla. 4th DCA 1985). Chase contends *Vosburgh* found that an affirmative defense of contribution "was properly before the court." (Resp. 6). However, whether contribution is a valid affirmative defense was not at issue in *Vosburgh*. Additionally, it appears Chase misreads that portion of the case it relies upon, which states, "[a]ppellants raised the issue of contribution as an affirmative defense and announced at trial that they had a pending cross-claim for contribution against [a co-defendant] and her [insurance] carrier. This issue was properly before the court." *Vosburgh*, 480 So. 2d at 145. The *Vosburgh* court refers to the cross-claim as properly before the court — not the use of the affirmative defense.

Case No. 10-20347-CV-ALTONAGA/Brown

## IV. CONCLUSION

Consistent with the foregoing analysis, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 95]** is **GRANTED in part** and **DENIED in part**.

2. The Motion is **GRANTED** as to Chase's Twelfth and Thirteenth Affirmative Defenses. These affirmative defenses are **STRICKEN**.

3. The Motion is **DENIED** as to all other defenses.

4. Chase may amend its Thirteenth Affirmative Defense no later than **August 11, 2010**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of August, 2010.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record