UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20347-CIV-ALTONAGA/Goodman

**CI INTERNATIONAL FUELS, LTDA**, *et al.*,

    Plaintiffs,

vs.

**HELM BANK, S.A.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs, CI International Fuels, LTDA and International Fuel Oil Corporation's ("Plaintiffs[']") Motion to Strike Defendant Florida Trading Services' Affirmative Defenses ("Motion") [ECF No. 96], filed July 1, 2010. The Court has carefully reviewed the parties' written submissions and applicable law.

## I. BACKGROUND

In 2008, after an unauthorized transfer of funds from Plaintiffs' account held with Defendant, Helm Bank, S.A. ("Helm"), Plaintiffs enacted an "Agreed Security Procedure" ("Procedure") with Helm. (*See* Am. Compl. ¶¶ 25–26 [ECF No. 76]). The Procedure instructed Helm not to execute wire transfer requests involving non-domestic transfers after a certain hour of the day. (*See id.* ¶ 26). On September 14 and 15, 2009, Helm executed eight wire transfers totaling $1,163,535.00 from Plaintiffs' account allegedly without authorization and in violation of the Procedure. (*See id.* ¶¶ 29–32). Those funds were ultimately received into the customer accounts of Defendants, Florida Trading Services, Inc. ("FTS"), Compucell USA, LLC ("Compucell"), and Infinity Wireless

Case No. 10-20347-CIV-ALTONAGA/Goodman

Solutions, Inc. ("Infinity") at banks operated by two other Defendants, JP Morgan Chase Bank, N.A. ("Chase") and Regions Bank ("Regions"). (*See id.* ¶¶ 33–38). FTS's account at Chase received two wire transfers totaling $178,505.00 in allegedly misappropriated funds. (*See id.* ¶ 36). Within twenty-four hours of the wire transfers, Helm contacted Chase and Regions requesting the funds be returned because the wire transfers were not authorized by Plaintiffs. (*See id.* ¶¶ 41–42). Chase and Regions refused to reverse the transfers because the recipients of the funds, their customers, orally stated the funds were monies owed to them. (*See id.* ¶ 43). Plaintiffs assert no monies were owed to FTS, Compucell or Infinity. (*See id.* ¶ 50).

On May 24, 2010, Plaintiffs filed a seventeen-count Amended Complaint against six named defendants. The Amended Complaint alleges four counts against FTS arising from FTS's participation in the transactions described above.[1] Plaintiffs allege FTS fraudulently gained possession of $178,505.00 through unauthorized wire transfers and converted the funds for personal use. Additionally, CI International Fuels, LTDA alleges the fraud resulted in a lost business opportunity. FTS filed its Answer to Plaintiffs' Amended Complaint ("Answer") [ECF No. 87], including seven affirmative defenses. Plaintiffs' Motion seeks to strike five affirmative defenses (Nos. 2–6) from the Answer.

---

[1] Counts II and V are identical except Count II is brought by International Fuel Oil Corporation and Count V is brought by CI International Fuels, LTDA. Additionally, Counts VIII and XI are identical except Count VIII is brought by International Fuel Oil Corporation and Count XI is brought by CI International Fuels, LTDA. CI International also alleges it lost a business opportunity because of the alleged fraud.

## II. LEGAL STANDARD

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

## III. ANALYSIS

Plaintiffs challenge the following affirmative defenses:

2. [A]s to Counts VIII and XI[,] . . . Plaintiff[s] fail[] to allege any intentional material representation upon which [they] relied upon to [their] detriment, and therefore, fail[] to state a cause of action for fraud . . . .

3. [A]s to Counts VIII and XI[,] . . . Plaintiff[s'] allegations are merely Plaintiff[s'] opinion of this "alleged fraudulent scheme" and not a fact, and therefore, fail[] to state a cause of action for fraud . . . .

4. [A]s to Counts II and V[,] . . . Plaintiff[s] [are] estopped from making the representation that both [CI International Fuels, LTDA] and [International Fuel Oil Corporation] are the owners of and have the right to immediate possession of the Funds. Plaintiff[s] in ¶ 5 of the complaint state[] that [International Fuel Oil Corporation] is an affiliate of [CI International Fuels, LTDA][;] by definition two companies are affiliated when one owns an interest in the other. Plaintiffs state conflicting allegations as to who owns the Funds, and therefore, fail to state a cause of action for conversion for either [International Fuel Oil Corporation] or [CI International Fuels, LTDA] . . . .

5. [A]s to all Counts[,] . . . Plaintiff[s] [are] estopped from bringing identical claims for both [CI International Fuels, LTDA] and [International Fuel Oil Corporation]. Plaintiff[s] in ¶ 5 of the complaint state[] that [International Fuel Oil Corporation] is an affiliate of [CI International Fuels, LTDA][;] by definition two companies are affiliated when one owns an interest in the other, and therefore, only one of the Plaintiff entities has standing to bring the claims set forth in the complaint and these counts should be dismissed . . . .

Case No. 10-20347-CIV-ALTONAGA/Goodman

6. [A]s to all Counts[,] . . . [FTS] states it received the funds at issue from a legitimate business transaction for goods it provided to Interfuel Corp. S.A. and is not liable to Plaintiffs for any wrongdoing by a third party, and therefore, Plaintiff[s] [are] estopped from bringing this action.

(Answer 12–13) (numeration added) (capitalization and emphasis omitted).

**A. Redundancy — Affirmative Defenses Two, Three, Four, Five, and Six**

Plaintiffs maintain FTS's affirmative defenses numbered two through six should be stricken because they are redundant. "[A] motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant." 5C Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed. 2004); *see also Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004) (noting motions to strike are usually denied absence a showing of prejudice to one of the parties). Plaintiffs fail to show they will suffer prejudice if these affirmative defenses are not stricken.[2] Accordingly, Plaintiffs' request to strike these affirmative defenses on the basis of redundancy is denied.

**B. Denials not Avoidances — Affirmative Defenses Three, Four, and Five**

Plaintiffs maintain FTS's third, fourth, and fifth affirmative defenses should be stricken because they are denials and not avoidances. "In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial." 5 Wright et al., *supra*, at § 1269. "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846

---

[2] Additionally, Plaintiffs' request to strike these affirmative defenses must be denied because Plaintiffs fail to conform to Local Rule 7.1(a)(1), which requires "[e]very motion . . . include or be accompanied by a memorandum of law citing supporting authorities . . . ."

Case No. 10-20347-CIV-ALTONAGA/Goodman

F.2d 1343, 1349 (11th Cir. 1988). However, "the proper remedy is not [to] strike the claim, but rather to treat is (sic) as a specific denial." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007).

The third affirmative defense maintains Plaintiffs have pled insufficient facts to state a cause of action for fraud, and the fourth affirmative defense contends Plaintiffs fail to state a cause of action due to conflicting statements regarding who owns the subject funds. (*See* Answer 12). These defenses allege defects in the Plaintiffs' *prima facie* case and are actually denials. The fifth affirmative defense maintains Plaintiffs are estopped from bringing identical claims because only one Plaintiff has standing to sue. (*See id.* 13). This defense is accurately labeled because Federal Rule of Civil Procedure 8(c)(1) specifically recognizes estoppel as an affirmative defense. Accordingly these affirmative defenses are not stricken, and affirmative defenses three and four will be treated as denials.

## IV. CONCLUSION

Consistent with the foregoing analysis, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Strike **[ECF No. 96]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of August, 2010.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record