UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20347-CIV-ALTONAGA/Goodman

**CI INTERNATIONAL FUELS, LTDA**, *et al.*,

    Plaintiffs,

vs.

**HELM BANK, S.A.**, *et al.*,

    Defendants.
_____/

**ORDER**

    **THIS CAUSE** is before the Court on Plaintiffs, CI International Fuels, LTDA and International Fuel Oil Corporation's ("Plaintiffs[']") Motion to Strike Defendants Infinity and Compucell's Affirmative Defenses ("Motion") [ECF No. 97], filed July 1, 2010. The Court has carefully reviewed the parties' written submissions and applicable law.

**I. BACKGROUND**

    In 2008, after an unauthorized transfer of funds from Plaintiffs' account held with Defendant, Helm Bank, S.A. ("Helm"), Plaintiffs enacted an "Agreed Security Procedure" ("Procedure") with Helm. (*See* Am. Compl. ¶¶ 25–26 [ECF No. 76]). The Procedure instructed Helm not to execute wire transfer requests involving non-domestic transfers after a certain hour of the day. (*See id.* ¶ 26). On September 14 and 15, 2009, Helm executed eight wire transfers totaling $1,163,535.00 from Plaintiffs' account allegedly without authorization and in violation of the Procedure. (*See id.* ¶¶ 29–32). Those funds were ultimately received into the customer accounts of Defendants, Florida Trading Services, Inc. ("FTS"), Compucell USA, LLC ("Compucell"), and Infinity Wireless

Solutions, Inc. ("Infinity") at banks operated by two other Defendants, JP Morgan Chase Bank, N.A. ("Chase") and Regions Bank ("Regions"). (*See id.* ¶¶ 33–38). Compucell's account at Chase received two wire transfers totaling $312,565.00 in funds. Infinity received two wire transfers to its Chase account totaling $358,300.00 and two wire transfers to its account at Regions totaling $314,165.00 in funds. (*See id.* ¶¶ 35, 38). Within twenty-four hours of the wire transfers, Helm contacted Chase and Regions requesting the funds be returned because the wire transfers were not authorized by Plaintiffs. (*See id.* ¶¶ 41–42). Chase and Regions both refused to reverse the transfers because the recipients of those funds, their customers, orally stated the funds were monies owed to them. (*See id.* ¶ 43). Plaintiffs assert no monies were owed to FTS, Compucell or Infinity. (*See id.* ¶ 50).

On May 24, 2010, Plaintiffs filed a seventeen-count Amended Complaint against six named defendants. The Amended Complaint alleges four counts against both Compucell and Infinity (collectively, the "Defendants") arising from their participation in the transactions described above. Specifically, Plaintiffs allege Defendants fraudulently gained possession of the funds through unauthorized wire transfers (*see id.* ¶¶ 118–25, 134–50, 166–74), and converted the funds for personal use. (*See id.* ¶¶ 53–62, 73–94, 106–17). Additionally, CI International Fuels, LTDA maintains the alleged fraud by Defendants resulted in a lost business opportunity. (*See id.* ¶¶ 151–53, 175–77). Defendants filed Answers to Plaintiffs' Amended Complaint ("Answers"), including eleven identical affirmative defenses. (*See* Infinity Answer ("Answer I") 14–16 [ECF No. 85]; Compucell Answer ("Answer II") 13–15 [ECF No. 88]). Plaintiffs' Motion seeks to strike six affirmative defenses (Nos. 2, 4–5, 8–10) from the Answers. (*See* Mot. 1–3).

Case No. 10-20347-CIV-ALTONAGA/Goodman

## II. LEGAL STANDARD

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

## III. ANALYSIS

Plaintiffs challenge the following affirmative defenses:

2. [Defendants], at all times, acted in good faith. Thus, Plaintiffs' claims are barred as to [Defendants].

   . . . .

4. Plaintiffs do not own, or possess rights to, the subject funds. Thus, Plaintiffs' claims against [Defendants] are barred.

5. Plaintiffs lack standing to assert the claims asserted against [Defendants]. Without limiting any of the foregoing, to the extent that one or the other of these entities is allegedly the rightful owner of the funds that are the subject of the Plaintiffs' claims, the other lacks standing to assert claims as to such funds.

   . . . .

8. To the extent that Helm Bank, S.A. is not properly served and brought into this action, Plaintiffs' claims against [Defendants] are barred because Plaintiffs will have failed to join such entity as an indispensable party.

9. [Defendants] received the sums . . . as payment in the ordinary course of [their] business and therefore, [are] entitled to such funds.

10. Plaintiffs are not entitled to recovery of the damages sought by them against [Defendants].

(Answer I 14–16; Answer II 13–15) (numeration added).

Case No. 10-20347-CIV-ALTONAGA/Goodman

### A. Denials, Not Avoidances — Affirmative Defenses Two, Four, and Ten

Plaintiffs maintain affirmative defenses two, four, and ten should be stricken because they are denials and not avoidances. "In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial." 5 Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1269 (3d ed. 2004). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Nevertheless, "the proper remedy is not [to] strike the claim, but rather to treat is (sic) as a specific denial." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007).

Defendants' second affirmative defense contends Defendants acted in good faith, which directly refutes the "intent to deceive" element of fraud. Because this affirmative defense alleges a defect in the Plaintiffs' *prima facie* case, it will be treated as a denial. Defendants' fourth and tenth affirmative defenses do not refute a specific element, but do allege general defects in the Plaintiffs' *prima facie* case: the fourth affirmative defense states Plaintiffs do not own or have rights to the subject funds and the tenth affirmative defense simply states Plaintiffs are not entitled to recovery. Accordingly, these affirmative defenses will also be treated as denials.

### B. Insufficiency of Facts — Affirmative Defenses Five and Nine

Plaintiffs maintain affirmative defenses five and nine plead insufficient facts. Affirmative defenses are invalid as a matter of law if they do not meet the general pleading requirements of Federal Rule of Civil Procedure 8(b), which require defenses to be stated "in short and plain terms."

Case No. 10-20347-CIV-ALTONAGA/Goodman

FED. R. CIV. P. 8(b)(1)(A). An affirmative defense can be pleaded in general terms if it provides "'fair notice' of the nature of the defense and the grounds upon which it rests." *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-61436-CIV, 2009 WL 4800542, at *1 (S.D. Fla. Dec. 11, 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

      Affirmative defenses five and nine are sufficiently pleaded because they provide Plaintiffs with fair notice of the nature of the defenses. The fifth affirmative defense maintains only one of the Plaintiffs owns the funds (admittedly Defendants do not specify which Plaintiff), so only one of the Plaintiffs has standing to sue. The ninth affirmative defense contends Defendants are not liable because the transfers represented payments Plaintiffs owed to the Defendants. Plaintiffs have sufficient information regarding these defenses to proceed with discovery and prepare for trial. *See Larson v. Correct Craft, Inc.*, No. 6:05-CV-686-ORL31JGG, 2005 WL 1902438, at *2 (M.D. Fla. Aug. 8, 2005).

**C. Relevancy and Redundancy — Affirmative Defense Nine**

      The parties dispute whether acting in the ordinary course of business is a legally relevant defense. (*See* Mot. 3; Resp. 9). Plaintiffs contend the affirmative defense should be stricken because "even if Defendants received the funds in the ordinary course of business, that would not preclude or diminish Plaintiffs' recovery." (Mot. 3). For the reasons stated in *CI International Fuels, LTDA. v. Helm Bank, S.A.*, No. 10-20347-CIV, 2010 WL 3056598, at *3 (S.D. Fla. Aug. 4, 2010), the Court will not decide a disputed issue of law on a motion to strike.

      Additionally, Plaintiffs maintain affirmative defense nine should be stricken because it is redundant. "[A] motion to strike for redundancy ought not to be granted in the absence of a clear

5

Case No. 10-20347-CIV-ALTONAGA/Goodman

showing of prejudice to the movant." 5C Wright et al., *supra*, at § 1382; *see also Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004) (noting motions to strike are usually denied absence a showing of prejudice to one of the parties). Plaintiffs fail to show they will suffer prejudice if this affirmative defense is not stricken. Accordingly, Plaintiffs' request to strike affirmative defense nine is denied.

### D. Mootness — Affirmative Defense Eight

For the reasons stated in *CI International Fuels, LTDA.*, 2010 WL 3056598, at *4, Defendants' eighth affirmative defense is not moot.

### E. Plaintiffs' Discussion of Material Outside Pleadings

In a footnote, Plaintiffs make reference to an exhibit attached to the Motion. (*See* Mot. 3 n.5). The exhibit is a translated document certifying that "[t]here is no documentation of the legal entity named: Interfuel Oil Corp. S.A." issued by the Chamber of Commerce of Cucuta, Panama. (*Id*. Ex. A 1 [ECF No. 97-1]). On a motion to strike the court cannot consider matters beyond the pleadings. *See Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 09-21698-Civ., 2010 WL 3212066, at *2 (S.D. Fla. Aug. 12, 2010); 5C Wright et al., *supra*, § 1380 ("Matter outside the pleadings normally is not considered on a Rule 12(f) motion; for example, affidavits in support or in opposition to the motion typically may not be used.") (footnote omitted).

## IV. CONCLUSION

Consistent with the foregoing analysis, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Strike **[ECF No. 97]** is **DENIED**.

Case No. 10-20347-CIV-ALTONAGA/Goodman

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of August, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record